**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| JOHNATHIN ERIN GLENN MCGINNIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. 3: 16-CV-00793 |
| NEWELL BRANDS INC. f/k/a NEWELL ) | |
| RUBBERMAID INC. and ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS Defendants Newell Brands Inc. ("Newell") and Wal-Mart Stores, Inc. ("Wal-Mart") anticipate that Plaintiff Johnathin McGinnis ("McGinnis") will request the production of documents, data, and information in the above-captioned matter which may consist of or contain confidential information or trade secrets; and

WHEREAS Newell and Wal-Mart (collectively, "The Defendants"; along with McGinnis, "The Parties"), without prejudice to any defenses or objections they may have to any individual requests for documents or other information, and without prejudice to any requests for further or different provisions for confidentiality in appropriate circumstances, desire to establish procedures to protect such confidential information and trade secrets;

It is, therefore, ORDERED by the Court that the confidentiality of documents, data, and information produced in this action shall be carefully and scrupulously maintained in the following manner:

1.      This Confidentiality Agreement and Protective Order governs the handling of documents, data, and information or restatements of such documents, data, or information

produced by or obtained from The Defendants ("Discovery Material"), during the above-captioned action, whether or not in response to a formal discovery request.

2.     As used in this agreement, the term "Confidential Discovery Material" means documents, data, or other information provided in the course of discovery of this action that are designated "Confidential" or "Trade Secret" pursuant to the terms of this agreement.

3.     All Confidential Discovery Material designated pursuant to paragraph 5 of this Order and/or by future stipulation of any Party or by order of the Court, shall be used solely for purposes of this action and shall be disclosed only to the following:

(i)     persons who have entered appearances as counsel of record in this action and persons working under the direction of such counsel in the office of such counsel (such as other lawyers and clerical, paralegal and secretarial personnel and outside vendors engaged by such counsel to scan, copy, enlarge/reduce and/or create demonstrative exhibits from such Discovery Material);

(ii)     the Court;

(iii)     The Parties, solely for purposes of this action;

(iv)     experts or consultants retained by The Parties;

(v)     deponents in this action;

(vi)     stenographers and court reporters in connection with the recording of sworn testimony;

(vii)     jury or trial consulting service providers retained by The Parties and participants in related mock jury exercises, database managers and the like; and

(viii)     such other persons The Parties agree to in writing in advance of the disclosure.

4.	All experts, consultants, and/or mock jurors, as provided in paragraph 3(iv) and (vii), above, shall, before being provided Confidential Discovery Material, be provided a copy of this Order and shall agree to be bound by the terms hereof and to submit to this Court's jurisdiction for the purpose of enforcement or compliance herewith by signing their name(s) to a copy of the signature page attached to this Order.

5.	The following non-exhaustive list of Discovery Material has been produced or is reasonably anticipated to be requested is hereby designated as Confidential Discovery Material:

a)	Employee personnel files

b)	Income tax documents

c)	Trade secret or confidential research or development

d)	Proprietary or commercial information

e)	Information relating to ownership or control of any non-public company

f)	Information protected from disclosure by any privacy law

g)	Any agreements between Newell Brands Inc. and Wal-Mart Stores, Inc.

h)	Any agreements between Newell Brands Inc. and any retailers, suppliers, and/or vendors

i)	Any agreements between Wal-Mart Stores, Inc. and its vendors/suppliers

j)	Any other type of information given confidential status by the Court

6.	The party producing the Confidential Discovery Material ("The Producing Party") shall label the material "Confidential" or "Trade Secret" at the time of production.

7.	If Confidential Discovery Material is reproduced in any form or manner, including but not limited to CDs, DVDs, paper and electronic copies, transcripts, prints, negatives,

recordings, duplicates, or summaries, each copy or portion of a copy thereof shall be labeled "Confidential" or "Trade Secret."

8.      The transmission or production of Confidential Discovery Material shall not result in a waiver by The Defendants or any third-party of any property rights, intellectual or otherwise.

9.      If a receiving party desires to disclose confidential discovery to a non-qualified person, or if it disagrees with the confidentiality designation by The Producing Party, then the receiving party shall so notify The Producing Party in writing.  Pending resolution of any dispute as to the confidential treatment of information, such information shall be treated under this Order as confidential discovery of the sort designated by The Producing Party.

10.     A party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith, and in writing must: (1) identify with particularity (i.e., by Bates number, page and line of deposition transcript, or otherwise) the challenged material and/or information; (2) explain the basis for its belief that the confidentiality designation was not proper; and (3) give The Producing Party a minimum of ten (10) business days to review the designated material and change the designation or explain the basis for the original designation.  If The Producing Party does not respond, provide adequate justification or agree to re-designate the material, the objecting party may seek relief of the Court.  The original designation shall remain effective until three (3) court days after entry of an order re-designating the materials.  Once information is deemed re-designated, substitute copies thereof shall be produced by The Producing Party bearing the appropriate designation or lack thereof.  In addition, this Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

11.     Further, the Court has the discretion to deny confidential treatment to any documents or Discovery Material filed in connection with any motion, application, or court proceeding that may result in an order or decision by the Court.

12.     No person who receives Confidential Discovery Material in any form shall sell, offer, advertise, publicize, or provide, under any circumstances or conditions, the Confidential Discovery Material or any part thereof, to any person or entity other than in accordance with the provisions of this Confidentiality Agreement and Protective Order.

13.     Confidential Discovery Material and/or documents or information derived therefrom shall not be used by or under the authority of any person or party receiving the same for any business or competitive purpose.

14.     At the conclusion of this action, including all appeals, counsel for The Parties shall return to The Producing Party all Confidential Discovery Material, including any copies.

15.     The ultimate disposition of Confidential Discovery Material shall be subject to a final order of the court upon completion of the litigation.

16.     The termination of this litigation shall not relieve The Parties, their counsel, or any person who had access to such Confidential Discovery Material from the obligations imposed by this Order.

          SO ORDERED.                    Signed: January 9, 2017

                                         Graham C. Mullen
                                         United States District Judge

SUBMITTED BY:

**WEINBERG WHEELER HUDGINS
GUNN & DIAL LLC**

_____
Shawn D. Scott (NCSB # 23463)
3344 Peachtree Road NE
Suite 2400
Atlanta, GA  30326
(404) 876-2700 (phone)
(404) 875-9433 (fax)
sscott@wwhgd.com

*Attorney for Defendants Newell Brands Inc.
and Wal-Mart Stores, Inc.*

## SIGNATURES PURSUANT TO PARAGRAPH 4

NAME                          FIRM/TITLE                        DATE

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____