# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JOHNATHIN ERIN GLENN MCGINNIS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NEWELL BRANDS INC. f/k/a NEWELL )<br>RUBBERMAID INC. and WAL-MART STORES, )<br>INC. )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION<br><br>FILE NO. 3:16-CV-793 |

## ORDER GRANTING DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 20) and Memorandum in Support (Doc. No. 20-1). Plaintiff has not filed a response, and the allotted time in which to do so has passed. For the reasons set forth below, Defendants' Motion is GRANTED.

**I.     BACKGROUND**

On May 5, 2017, Defendants, Newell Brands Inc. f/k/a Newell Rubbermaid Inc. and Wal-Mart Stores, Inc., moved this Court for summary judgment on all of Plaintiff's claims in this matter. In support of their motion, Defendants submitted a Statement of Undisputed Material Facts (Doc. No. 21). Defendants' Statement of Undisputed Material Facts was properly supported by admissions made by Plaintiff as a matter of law pursuant to Fed. R. Civ. P. 36(a)(3) due to Plaintiff's failure to respond to any of the Defendants' Requests for Admissions. *See generally* Doc. No. 21, pp. 3-7.

On May 8, 2017, this Court entered an Order (the "*Roseboro* Order"; Doc. No. 23) in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising Plaintiff of his opportunity to file a response to the Motion for Summary Judgment and the manner in which evidence could be submitted to the Court, and giving Plaintiff "fourteen (14) days from the filing of [the *Roseboro*] Order in which to file [his] response to the Motion for Summary Judgment."

Under the terms of the Court's *Roseboro* Order, Plaintiff had 14 days from May 8, 2017 – i.e., until May 22, 2017 - to file a response to the Defendants' Motion for Summary Judgment. Even if the so-called "three-day-mail rule" were still in effect - which it no longer is, for electronic service under Fed. R. Civ. P. 6(d) - Plaintiff had through and until May 25, 2017, in which to file his response to Defendants' Motion for Summary Judgment. Plaintiff did not file a response to the Defendants' Motion for Summary Judgment within the time specified in the *Roseboro* Order. Nor did Plaintiff file a response on or before May 25, 2017. Because Plaintiff did not respond to the Motion for Summary Judgment Motion, the only evidence in the record is the admissions made by Plaintiff to the Defendants' Requests for Admissions.

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986). The mere existence of a scintilla of evidence in support of the non-movant's position is not sufficient to establish a genuine dispute. *Id*. at 252. A material fact affects the outcome of the suit under the applicable substantive law. *See id*. at 248. When determining whether a dispute is genuine or a fact is material, courts are required to view the facts and draw reasonable inferences

in the light most favorable to the party opposing the summary judgment motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Once the moving party meets its initial burden, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n .3. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 47 U.S. at 248; *accord Sylvia Dev. Corp. v. Calvert County, Md.,* 48 F.3d 810, 818 (4th Cir.1995). Further, and relevant to the present action, the nonmoving party may not rely upon mere allegations in his pleadings to defeat a motion for summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Finally, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

### III.  DISCUSSION

In support of their Motion for Summary Judgment, Defendants propose that the following facts are undisputed:

(1) Century Products Co. ("Century") was the sole apparent or actual designer and manufacturer of the subject stroller (Doc. No. 21 at ¶ 16);

(2) Wal-Mart is a seller of retail goods and Wal-Mart acquired the subject stroller from Century in a sealed box with a label indicating that it was a Century-brand stroller (*Id*. at ¶ 17);

(3) The subject stroller was purchased in this sealed box with no labels indicating that the stroller was a Wal-Mart-brand stroller (*Id*. at ¶ 18);

(4) Wal-Mart did not mishandle or damage the stroller and was afforded no reasonable opportunity to inspect the stroller in such a manner that would have or should have revealed the existence of the condition complained of by Plaintiff (*Id.* at ¶ 19);

(5) Plaintiff's parents, in deciding to purchase the subject stroller, did not rely on Wal-Mart or its employees, but instead relied fully upon the labeling on the stroller's sealed container (*Id.* at ¶ 20);

(6) The subject stroller was free from defects at the time of its purchase and was merchantable for its intended use (*Id.* at ¶ 26);

(7) Plaintiff is aware of no evidence to establish a breach of any duty owed to him by either Defendant or that such an alleged breach caused the injuries or damages he now complains of. (*Id.* at ¶ 28);

(8) Neither Plaintiff nor his parents relied upon any representations or express warranties made by the Defendants when purchasing the subject stroller (*Id.* at ¶ 30);

(9) Defendants did not fail to comply with any express or implied warranties allegedly made regarding the subject stroller (*Id.* at ¶ 31);

(10) Plaintiff has no evidence and is unaware of any evidence that Defendant Newell acted unreasonably in designing the subject stroller (*Id.* at ¶ 32);

(11) Plaintiff is unaware of any evidence that Defendant Newell failed to adopt a reasonable design that could have prevented or substantially reduced any risk of harm without substantially impairing the usefulness, practicality, or desirability of the stroller (*Id.* at ¶ 33);

(12) The subject stroller was put to something other than its ordinary use at the time of the alleged incident (*Id.* at ¶ 34);

(13) The stroller was used contrary to the express and adequate instructions or warnings delivered with the subject stroller and that there were changes in the design, function, or use of the subject stroller after it was purchased, changes done without the express consent of the stroller's manufacturer (*Id*. at ¶ 35, 36);

(14) The modification or altered use caused Plaintiff's alleged injuries (*Id*. at ¶ 38);

(15) No act or omission on the part of either Defendant caused or contributed to Plaintiff's alleged injuries or damages (*Id*. at ¶ 21); and,

(16) Plaintiff did not suffer a permanent injury as a result of Defendants' conduct or product (*Id*. at ¶¶ 22).

Based on these facts, Defendants assert that they are entitled to summary judgment in their favor. After a thorough review of the record (which does not include any opposition to Defendants' motion, as none was filed), the documents cited by Defendants in support of their Motion, and the applicable law, the Court agrees that Defendants are entitled to summary judgment. The undisputed facts set forth by Defendants conclusively establish, among other things, that no act or omission on the part of either Defendant caused or contributed to Plaintiff's alleged injuries or damages. This alone warrants summary judgment in Defendants' favor.

The Court also notes that Plaintiff failed to produce any evidence to support the allegations in his Complaint or otherwise take any steps to satisfy his burden under Rule 56. Accordingly, Defendants Newell Brands Inc. f/k/a Newell Rubbermaid Inc. and Wal-Mart Stores, Inc. are entitled to summary judgment on all claims asserted in Plaintiff's Complaint.

## IV. CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 20) is GRANTED. In accord with Fed. R. Civ. P. 54, Defendants shall have 14 days from the date of this Order to seek reimbursement of its costs and/or attorney's fees from Plaintiff. If said relief is not sought, at the expiration of that time-period, this case shall be closed.

Signed: June 1, 2017

Graham C. Mullen
United States District Judge